### In re WELLS BENRUS CORPORATION, Debtor.

**Bankruptcy No. 5–85–00036.**

United States Bankruptcy Court, D. Connecticut.

April 11, 1985.

William M. Kahn, James L. Bell, Robert N. Michaelson, Michael J. Jones, Whitman & Ransom, New York City, for debtor.

Stephen E. Goldman, James R. Hawkins, II, Robinson & Cole, Hartford, Conn., for Shareholder James D. Gershman.

Carl F. Goodman, Surrey & Morse, New York City, for Victor Kiam, II.

Joshua J. Angel, Angel & Frankel, P.C., New York City, for Unsecured Creditors Metropolitan Life and Field Plan Services.

## MEMORANDUM AND DECISION ON AUTHORIZATION TO EMPLOY ATTORNEY

ALAN H.W. SHIFF, Bankruptcy Judge.

The issue presented here is whether the debtor should be authorized to employ the law firm of Whitman & Ransom during the course of this Chapter 11 case.[1] An objection to the debtor's application has been raised by a shareholder who challenges that law firm's qualifications under Code § 327(a).

Code § 327(a) provides in relevant part:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, ... that do not hold or represent an interest adverse to the estate, and that are *disinterested persons*, to represent or assist the trustee in carrying out the trustee's duties under this title. [emphasis added]

## BACKGROUND

Prior to the filing of the Chapter 11 petition, Whitman & Ransom ("W & R") acted as the debtor's general counsel for approximately sixteen years. From 1968 through 1979, Attorney F. Van Siclen Parr was the partner in charge of W & R's representation of the debtor, and from 1968 through January 31, 1985, Parr was both a director and an officer (Secretary) of the

---

1. Code § 1107(a) provides a debtor in possession with authority to employ an attorney under the criteria established by Code § 327(a).

debtor. Parr is presently "of counsel" to W & R and a minor shareholder of the debtor. In 1979, Attorney James H. Bell became the partner in charge of representation of the debtor. Although Bell was never a director of the debtor, he was an officer (Assistant Secretary) for at least two years prior to January 31, 1985 when he and Parr resigned their positions with the debtor.

## DISCUSSION

■■■ While the objecting shareholder, James D. Gershman ("Gershman"), argues that W & R has an interest adverse to the estate, the main thrust of his argument is that W & R is not "disinterested" as required by the Code. The definition of "disinterested person" as used in Code § 327(a) is found in Code § 101(13) which provides:

"disinterested person" means person that—

(A) is not a creditor, an equity security holder, or an insider;

(B) is not and was not an investment banker for any outstanding security of the debtor;

(C) has not been within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor;

(D) is not and was not, within two years before the date of the filing of the petition a director, officer or employee of the debtor or of an investment banker specified in subparagraph (B) or (C) of this paragraph; and

(E) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with,

or interest in, the debtor or an investment banker specified in subparagraph (B) or (C) of this paragraph, or for any other reason.

Clearly, neither Parr nor Bell is a "disinterested person" within the literal language of Code § 101(13)(D). W & R's principal arguments in support of their employment, however, are that 1) Bell was not an officer within the meaning of section 101(13)(D);[2] 2) Parr's lack of disinterestedness, as defined in Code § 101(13)(D) should not be attributed to the entire W & R firm;[3] and 3) the "disinterested" requirement of Code § 327(a) need not be read literally because there is no controlling judicial precedent in the Second Circuit or the District of Connecticut which compels this court to apply such a strict construction.[4]

W & R's argument that Bell was not an officer within the meaning of Code § 101(13)(D) when he served the debtor as Assistant Secretary is untenable. W & R cites no judicial authority, legislative history, or scholarly commentary interpreting Code § 101(13)(D). The argument is based on an analogy to Securities and Exchange Commission reporting requirements which have no relevance to bankruptcy matters and is not persuasive in this context.

W & R's second argument, that Parr's lack of disinterestedness should not be attributed to the W & R firm is also unpersuasive. W & R states that Parr is "of counsel" to the firm and that he has not been involved in W & R's representation of the debtor for the past two years. Neither fact improves W & R's position. It is not uncommon for attorneys to be indirectly disqualified from representing a client when they are associated with other attorneys who are directly disqualified. *See* Disciplinary Rule 5–105(D) of the *Model Code of Professional Responsibility;*[5]

---

2. Memorandum of Law in Support of Debtor's Motion for Authorization to Employ the Law Firm of Whitman & Ransom, p. 16.

3. *Id.* at p. 19.

4. "[E]ven if W & R technically fails to meet the disinterested test, the court should not and does not need to follow section 327(a) literally." *Id.* at p. 23.

5. Disciplinary Rule 5–105(D) provides:

*Cinema 5 Ltd. v. Cinerama, Inc.*, 528 F.2d 1384 (2d Cir.1976). The disqualification of any attorney pursuant to Code § 327(a) causes every attorney in that attorney's firm to be disqualified as well. *In re Michigan Interstate Railway Company, Inc.*, 32 B.R. 327 (Bankr.E.D.Mich.1983).

W & R's final argument is based on an economic or pragmatic rationale. It is argued, and it may well be, that many large companies have one or more members of the law firm which represents them serve as directors or officers. Moreover, it is probably so that continuing the employment of a law firm has economic advantages over engaging new bankruptcy counsel, unless, of course, the original firm lacks expertise in the bankruptcy field—not a relevant factor here. Indeed, Code § 1107(b) specifically permits continuing representation through bankruptcy, so long as the other Code criteria are met.[6]

While W & R's argument is facially appealing, it is apparent that W & R argues not that the Code permits their employment but rather that I should ignore the plain language of Code § 101(13)(D) as it applies to Code § 327(a). This I cannot do. A court may construe the law, it may not reconstruct the law to conform with its sense of preferred public policy.

### CONCLUSION

W & R's concern about the rights of clients generally to employ attorneys of their choice is understandable. However, Congress has chosen to limit that right in a bankruptcy context. If it is an unwise policy to deny corporate debtors the right to employ attorneys who serve as their officers or directors, it is for Congress to provide an appropriate statutory adjustment. In the exercise of judicial restraint, this court should not and will not rewrite the law. *See In re Leisure Dynamics*, 32

B.R. 753, 757 (Bankr.D.Minn.1983), *aff'd.* 33 B.R. 121 (D.Minn.1983) ("To the extent other courts have ignored the disinterested person test, I think they did so because they disagreed with congressional policy. I decline to substitute my judgment for that of Congress.")

For the foregoing reasons, Gershman's objection is sustained, the debtor's application to employ the law firm of Whitman & Ransom is not approved, and an order may enter accordingly.

---

If a lawyer is required to decline employment or to withdraw from employment under a Disciplinary Rule, no partner or associate or any other lawyer affiliated with him or his firm may accept or continue such employment.

**6.** Code § 1107(b) provides:

(b) Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession *solely* because of such person's employment by or representation of the debtor before the commencement of the case. [emphasis added]