**In re SIS CORP. and Sisters International, Inc., Debtors.**

**Bankruptcy Nos. B89–800, B89–801.**

United States Bankruptcy Court, N.D. Ohio, E.D.

March 15, 1989.

Christopher Meyer, Squire Sanders & Dempsey, Cleveland, Ohio, for debtor, debtor-in-possession.

U.S. Trustee's Office Daniel McDermott, Cleveland, Ohio.

Alan Lepene, Thompson Hine & Flory, Cleveland, Ohio, for Society National Bank.

Michael E. Jackson, Arter & Hadden, Cleveland, Ohio, for FFCA/IIP 1985 & 1986 Property Co.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter is before the Court on application of the firm of Squire, Sanders & Dempsey (Applicant) for appointment as general counsel for the Debtor corporations. Both Debtors filed petitions on February 28, 1989, seeking an order of relief under Chapter 11. This is a core proceeding under provisions of 28 U.S.C. § 157(b)(2)(A), with jurisdiction further conferred under 28 U.S.C. § 1334 and General Order No. 84 of this District. The Applicant has served as counsel for the Debtors since their inception, and Debtors wish the firm to continue their representation in the bankruptcy proceedings.

In retaining professionals under § 327, the Court is authorized to approve such retention so long as the subject profession-

al does not hold or represent an interest adverse to the Debtor's estate, and is a disinterested person.

Section 101(13)(A) defines a disinterested person, in relevant part, as one who is not a creditor, equity security holder, or an insider. [11 U.S.C. § 101(13)(A)]. Section 101(13)(D) further defines a disinterested person as one who is not and was not, within two years prepetition, a director, officer, or employee of the Debtor or of an investment banker specified in subparagraph (B) or (C) of this paragraph. Section 101(13)(E) further speaks of a disinterested person as one who does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the debtor or for any other reason.

In their motion for retention of counsel, the Debtors seek the approval of this Court to authorize Debtors' retention of the Applicant to represent them as general legal counsel. The motion represents, *inter alia,* that such firm represents no interests which would be adverse to the Debtors' estates. It does represent that such firm may have acted as counsel for one or more of Debtors' creditors in matters unrelated to the present proceedings.

In an affidavit attached to its motion to retain counsel, it was represented that the firm has no interest which is adverse to the Debtors' estates. It was further represented that the law firm is a disinterested person within the definition of such phrase in § 101(13) of the Code.

The affiant stated that a member of the Applicant's law firm, James P. Oliver (Oliver), had served as a director and as secretary of SIS Corp. since its incorporation in 1981. It was further disclosed that the same individual served as the secretary of Sisters International, Inc. since that entity became a subsidiary of SIS Corp. in 1987. Both debtor entities have caused to be filed Chapter 11 petitions in this Court and continue to operate as Debtors-in-possession pursuant to §§ 1107 and 1108 of the Code. One day prior to the filing of these respective Chapter 11 petitions, Oliver submitted his resignation from the aforementioned positions. Notwithstanding these disclosures which have been made by the affiant, and notwithstanding the prepetition resignations of Mr. Oliver, the fact that Mr. Oliver is a member of the applicant firm who served as an officer and director of SIS Corp. within two years prior to filing of the debtor corporations' Chapter 11 petitions would not bring the firm into a "disinterested" posture as is required by § 101(13)(D). With regard to Sisters International, Inc., the affiant's disclosure that Mr. Oliver, as a member of the applicant law firm, served as corporate secretary of that debtor entity within two years prepetition similarly would render the firm as not being a disinterested person as is required by § 101(13)(D). For these specific statutory reasons, the applicant firm cannot be authorized to represent either debtor corporation in these bankruptcy proceedings as general counsel.

The Applicant also filed a disclosure of fees statement pursuant to § 329. Prepetition, since January 1, 1988 the Applicant disclosed that it had been paid an aggregate amount of $37,225.00 from the debtors, representing services rendered on a variety of general corporate and commercial matters, and other legal and miscellaneous matters. Such amounts were stated as having been received not in contemplation of the captioned cases. Between January 1, 1988 and February 27, 1989, the firm represents it billed the Debtors a total of $66,308.03, and incurred unbilled services in an approximate amount of $16,200.00. Applicant says it has received no payment on either of these two amounts. It represents that approximately $2,000.00 of these services could be described as being rendered in contemplation of the two subject case filings.

The fee disclosure statement further reveals that at a point in time prior to the filing of these cases "such assets" were transferred by the firm to the Squire, Sanders & Dempsey Foundation (SS & DF), a charitable foundation. On February 27, 1989, one day prior to both Chapter 11

filings, the Debtors paid the firm $26,-200.00 as (1) an advance of the $1,200.00 filing fees required to commence the cases [1] and (2) a retainer against fees and expenses subsequently incurred by the firm. That remittance, as the disclosure statement reveals, came from the Debtors' corporate funds.

Clearly, from these disclosures, the Applicant is a prepetition unsecured creditor of both Debtors' estates. As such, § 101(13)(A) of the Code would further disallow retention of the firm. The Applicant's representation and disclosure that it transferred "such assets" prepetition to an established charitable foundation, (SS & DF), does not, alone, absolve the firm's lack of disinterestedness which is so clearly proscribed by § 101(13)(A). For this additional reason, the firm cannot be retained to represent these Debtors. Section 1107(b) of the Code would allow a law firm representing a debtor to continue that representation, notwithstanding the provisions of § 327 if the firm solely was a prepetition creditor of the debtor. Here, that is not the case. Not only is the Applicant a prepetition creditor of these Debtors, it had a firm member serving as either a corporate officer or a director within two years prepetition, which is clearly proscribed by § 101(13)(D). *See, In re Leisure Dynamics,* 32 B.R. 751, 753 (Bankr.D.Minn.1983), *aff'd,* 33 B.R. 121 (D.Minn.1983); *In re Wells Benrus Corp.,* 48 B.R. 196 (Bankr.D. Conn.1985).

Accordingly, the application for retention is denied. Upon separate application made to the Court, a determination regarding the reasonable value of services rendered by the Applicant in contemplation of filing these cases and the prosecution of the present application will be made. The Debtors are given ten (10) days from the entry of this judgment to apply for retention of new counsel.

IT IS SO ORDERED.

---

1. The Court records reflect that the full filing fees of $1,000.00 were paid ($500.00 per case) as required.