# In re EAGLE–PICHER INDUSTRIES, INC., Debtor.

## M. Scott MICHEL; Conrad J. Morgenstern, Plaintiffs–Appellants,

### v.

## EAGLE–PICHER INDUSTRIES, INC., Defendant–Appellee.

### No. 92–3900.

United States Court of Appeals, Sixth Circuit.

Submitted May 4, 1993.

Decided May 6, 1993.*

---

* This decision was originally issued as an "unpublished decision" filed on May 6, 1993. On July 22, 1993, the court designated the opinion as one recommended for full-text publication.

Martha L. Davis (briefed), U.S. Dept. of Justice, Civ. Div., Washington, DC, Neal J. Weill, Cincinnati, OH, for plaintiffs-appellants.

Edmund John Adams (briefed), Frost & Jacobs, Cincinnati, OH, Stephen Karotkin, Weil, Gotshal & Manges, New York City, for defendant-appellee.

Before: MILBURN, RYAN, and NORRIS, Circuit Judges.

RYAN, Circuit Judge.

The United States Trustee, M. Scott Michel, appeals an order of the district court that affirmed a bankruptcy court order allowing the debtors to employ the investment banking firm of Goldman, Sachs & Co. as a financial adviser. The appeal's sole issue is whether the bankruptcy court erred in concluding that Goldman, Sachs is a disinterested party within the meaning of the bankruptcy code, and so properly able to serve as the debtors' financial adviser.

Concluding that the bankruptcy code makes it quite clear that Goldman, Sachs is not a disinterested party, we reverse.

## I.

The debtors,[1] all currently operating their businesses as debtors in possession, moved the bankruptcy court for leave to employ Goldman, Sachs to advise them financially in connection with their reorganization under Chapter 11 of the bankruptcy code. The United States Trustee[2] objected to the employment of Goldman, Sachs because of a preexisting affiliation between the parties—principally because Goldman, Sachs served as managing underwriter for Eagle–Picher on a number of outstanding revenue bonds.

The bankruptcy court rejected the Trustee's objections to the appointment, finding that the preexisting affiliation between the debtors and their proposed financial adviser is precisely the reason why Goldman, Sachs *should* be appointed; Goldman, Sachs, the court reasoned, "will need less time to familiarize itself with the Debtors' business and affairs than another financial adviser." Noting that the firm does not hold or represent an interest actually adverse to the debtors, the bankruptcy court concluded that the prior relationship does not preclude the firm from being employed as the debtors' financial adviser, especially because "the retention of

---

1. This case is a consolidation, for procedural purposes, of eight bankruptcy petitions filed under Chapter 11 by the following debtors: Eagle–Picher Industries, Inc.; Daisy Parts, Inc.; Transicoil Inc.; Michigan Automotive Research Corporation; EDI, Inc.; Eagle–Picher Minerals, Inc.; Eagle–Picher Europe, Inc.; and Hillsdale Tool & Manufacturing Co.

2. The U.S. Trustee, a Department of Justice official responsible for the oversight of bankruptcy cases, "may raise and may appear and be heard on any issue in any case or proceeding." 11 U.S.C. § 307.

Goldman Sachs is the most efficient and economical way in which to proceed with the administration of the Chapter 11 cases."

In short, the bankruptcy court concluded that for the purposes of the bankruptcy code, "Goldman Sachs is a 'disinterested person.'" The district court affirmed, and the U.S. Trustee timely appeals.

## II.

### A.

The debtors concede, in the brief they filed with this court, that "Goldman Sachs technically is not a 'disinterested person' under 11 U.S.C. § 101(14)(B) because Goldman Sachs was an investment banker for outstanding securities of the Debtor." They go on to argue, however, that it is necessary for the U.S. Trustee to show facts that demonstrate the existence of an "actual conflict" of interest in order for Goldman, Sachs to be considered a non-disinterested party within the meaning of the bankruptcy code; otherwise, they argue, the firm would be disqualified merely because of the prior employment relationship, a result contrary to express language in the bankruptcy code.

In response, the government simply points out 1) that Goldman, Sachs is an investment banker; 2) that it served as an underwriter for outstanding securities; and 3) that it continues to serve as a remarketing agent for one outstanding bond issue. It is these factors, the government argues, and not the mere existence of the prior employment relationship, that disqualify Goldman, Sachs from serving now as the debtors' financial adviser.

### B.

The bankruptcy code prescribes certain standards for the employment of professional persons to assist in a reorganization:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, *that do not hold or represent an interest adverse to the*

*estate, and that are disinterested persons,* to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a) (emphasis added).[3] The employed person, it is clear, must be both without an interest adverse to the estate and disinterested. The bankruptcy code defines the term "disinterested person" as follows:

> (14) "disinterested person" means person that—
>
> . . . .
>
> (B) is not and was not an investment banker for any outstanding security of the debtor; [or]
>
> (C) has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor. . . .

11 U.S.C. § 101(14). The code carves out, however, a narrow exception to section 327(a)'s requirement of disinterestedness:

> (b) Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession *solely* because of such person's employment by or representation of the debtor before the commencement of the case.

11 U.S.C. § 1107(b) (emphasis added).

This court had occasion to interpret these statutory sections in *In re Middleton Arms, Ltd.,* 934 F.2d 723 (6th Cir.1991). There, a number of limited partnerships that owned apartment projects were debtors-in-possession under Chapter 11. The debtors filed petitions to employ a certain company as the real estate agent for the sale of the apartment projects. The debtors had, however, preexisting management contracts with the company, and two of the debtors owed the company pre-petition debts. The court ruled that section 1107(b) did not provide an exception that would allow the debtors to hire their pre-petition apartment manager. That section, the court reasoned, applies not to all interested persons, "but only to those who fail to be disinterested *solely* because of prior employment." Id. at 725. Because the par-

---

**3.** This section refers to the powers of a "trustee," but under 11 U.S.C. § 1107(a), a debtor in pos- session has the same rights, powers, and duties as a trustee.

ties in *Middleton Arms* admitted that the agent "is an insider under section 101(30)(F)[, t]herefore, [the agent] is an interested person for reasons other than prior employment, and does not qualify as a disinterested person for reasons other than its status as a former employee of the debtors. The section 1107(b) exception ... does not apply." *Id.*

### C.

It is well settled that in an appeal from a district court's review of a bankruptcy court's decision, this court directly and independently reviews the bankruptcy court's decision. *In re Flo–Lizer, Inc.*, 946 F.2d 1237, 1240 (6th Cir.1991). This court applies a plenary review of the bankruptcy court's conclusions of law, using a *de novo* standard. *See In re Zick*, 931 F.2d 1124, 1126 (6th Cir.1991).

### III.

The language of section 327(a), when read in conjunction with the definitions set out in section 101(14), does not leave room for debate: Goldman, Sachs is and was an investment banker for outstanding securities of the debtors, and as such, is not a disinterested person within the meaning of the statute. To read section 1107(b) as providing an exception in this case would be to rob sections 101(14)(B) and (C) of any meaning in cases with debtors-in-possession.[4] As the court in *Middleton Arms* made clear, section 1107(b) is a narrow exception, meant to apply only when the *sole* reason for disqualification is former employment. Goldman, Sachs was formerly employed as Eagle–Picher's invest-

ment banker—but, moreover, was the investment banker *for an outstanding security.* This is more than "mere" employment.

It is, moreover, clear from both the statute and from *Middleton Arms* that a person can be not "disinterested," yet without an adverse interest. Although it may make little sense to the bankruptcy court and the debtors—or, for that matter, to this court—that Goldman, Sachs is not permitted to serve as financial adviser, the statute requires that result. This court is bound to apply the plain meaning of the statute even when the application apparently results in an apparent anomaly. *See Douglas v. Babcock,* 990 F.2d 875, 881 (6th Cir.1993), *petition for cert. filed,* 61 U.S.L.W. 3870 (U.S. June 16, 1993) (No. 92–1990).[5]

### IV.

In short, irrespective of whether one understands the rationale behind the statute's mandate, there is simply no reasonable basis for ignoring it. Goldman, Sachs, is not a disinterested person within the meaning of the bankruptcy code. The bankruptcy code accordingly directs that Eagle–Picher may not hire Goldman, Sachs. We, therefore, REVERSE.

---

**4.** Section 1107(b) does not apply in cases where trustees manage the bankruptcy estate, so §§ 101(14)(B) and (C) would, even under the debtors' suggested interpretation, still apply against trustees.

**5.** The debtors also make a subsidiary argument that this court has equitable powers under 11 U.S.C. § 105(a), and could base a decision to authorize the retention of Goldman, Sachs under that section. The government contends that this court does not have the discretion to consider whether it would be more expedient to allow the continued employment of a pre-petition professional, because that consideration is contrary to the plain language of the statute.

The government is correct, and we do not need to address this contention of the debtors at length. *Middleton Arms* once again made clear, in interpreting this same statutory section, that "bankruptcy courts 'cannot use equitable principles to disregard unambiguous statutory language.'" *Middleton Arms*, 934 F.2d at 725 (citation omitted). Thus, to the extent that the bankruptcy and district courts based their decisions in this case on equitable considerations—namely, the familiarity of Goldman, Sachs with the debtors' business operations—their reasoning was inappropriate.