**In re DANSVILLE PROPERTIES, INC., Debtor.**

**Bankruptcy No. 94–22537.**

United States Bankruptcy Court, W.D. New York.

Feb. 10, 1995.

Lacy, Katzen, Ryen & Mittleman, David D. MacKnight, of counsel, Rochester, NY, for debtor.

Trudy A. Nowak, Sr. Atty./Advisor, Rochester, NY, Office of the U.S. Trustee.

JOHN C. NINFO, II, Bankruptcy Judge.

### BACKGROUND

The Debtor in Possession in this Chapter 11 case, Dansville Properties, Inc., (the

"Debtor") has made a motion to be authorized to retain the firm of Lacy, Katzen, Ryen & Mittleman ("Lacy, Katzen") as attorneys for the Debtor.

The required Affidavit of No Conflict filed by Lacy, Katzen with the Motion sets forth at paragraph 3 that:

The Debtor owes Lacy, Katzen, Ryen & Mittleman $12,164.20 for services heretofore rendered which remain unpaid. There is no security for this claim. This claim has priority over sums due to Waldemar Mazur and Ruth Mills who are or were insiders of the Debtor and who are obligated to Lacy, Katzen, Ryen & Mittleman for the sums due from Debtor to Lacy, Katzen, Ryen & Mittleman. The claim should have no effect on any creditor even in the event of a liquidation.

The Office of the United States Trustee has filed a letter with the Court objecting to the appointment and setting forth its position that no attorney may be retained by a debtor in possession if there are pre-petition sums owed to that attorney which are not waived.

Lacy, Katzen filed a Response to the opposition which indicated that: (1) the only assets of the estate are forty-two acres of real property located in Dansville, New York which are improved by several buildings in substantial need of rehabilitation before they can be used; (2) a general unsecured creditor furnished the filing fee and a retainer for Lacy, Katzen; (3) another unsecured creditor paid franchise tax arrears to reinstate the Debtor as an active corporation and worked with Lacy, Katzen in filing the petition; (4) an additional unsecured creditor is the Debtor's President who assisted in preparing the petition and the Debtor's schedules; (5) the real property owned by the Debtor is encumbered by a real property tax lien and a mortgage held by the President's mother; and (6) except for the real property tax creditor and one unsecured creditor, all of the Debtor's creditors either assisted Lacy, Katzen in filing the petition or requested that it act on their behalf. The Response further indicated that on the facts and circumstances of this case, Lacy, Katzen did not believe that its acting as the attorney for the Debtor would result in a material conflict.

## DISCUSSION

Section 327(a) (applicable to a debtor in possession) provides that:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Section 101(14) provides in part that:

"disinterested person" means person that—

(A) is not a creditor, an equity security holder, or an insider.

■ Congress could not have been more clear that a creditor is not a disinterested person and therefore cannot be employed by a debtor in possession under Section 327(a).

■ In its Response, Lacy, Katzen has cited *In re Sharon Steel Corp.*, 152 B.R. 447 (Bankr.W.D.Pa.1993), *aff'd*, 154 B.R. 53 (W.D.Pa.1993) to show that some courts have applied general equitable principles to justify the appointment of professionals under Section 327(a), even though they are pre-petition creditors, when such an appointment arguably meets the practical realities of a particular case and, therefore, is in the best interests of the Debtor and the estate. However, the majority of courts employ a *"per se"* rule, *See In re CIC Investment Corporation*, 175 B.R. 52 (9th Cir.1994).

The U.S. Court of Appeals for the Second Circuit has made it clear that Bankruptcy Courts cannot use the general equitable powers set forth in Section 105 "in a manner inconsistent with the commands of the Bankruptcy Code." *See F.D.I.C. v. Colonial Realty Company*, 966 F.2d 57, 59 (2d Cir.1992) (quoting *In re Plaza Diego Shopping Ctr., Inc.*, 911 F.2d 820, 830–31 (1st Cir.1990)).

## CONCLUSION

The motion of the Debtor to employ Lacy, Katzen as its attorneys in its pending Chapter 11 case is in all respects denied for as

long as Lacy, Katzen remains a pre-petition creditor of the Debtor.

**IT IS SO ORDERED.**