**In re SOUTH SHORE GOLF CLUB HOLDING CO., INC., Debtor.**

**Bankruptcy No. 94–12839 B.**

United States Bankruptcy Court, W.D. New York.

May 16, 1995.

Damon & Morey (William F. Savino, Henry Gitter, of counsel), Buffalo, NY, for debtor.

Christopher K. Reed, Asst. U.S. Trustee, Buffalo, NY.

CARL L. BUCKI, Bankruptcy Judge.

South Shore Golf Club Holding Co., Inc., as debtor-in-possession, has moved for the appointment of Eugene G. Colello as special accountant for the Debtor. The Office of the United States Trustee objects on the ground that the proposed accountant is not a disinterested person under 11 U.S.C. § 327(a). For the reasons set forth herein, this objection is sustained and the motion for appointment is denied.

Prior to the filing of its petition for relief under Chapter 11 of the Bankruptcy Code, South Shore Golf Club Holding Co., Inc. had employed Eugene G. Colello as its accountant. Indeed, Mr. Colello holds an outstanding pre-petition claim in the amount of $13,400. Unwilling to waive any portion of that claim, Mr. Colello could not qualify as a disinterested party, as that term is defined in 11 U.S.C. § 101(14). Accordingly, he could not fulfill the condition of disinterestedness, which section 327(a) of the Bankruptcy Code sets as a precondition for appointment as an accountant for the estate. *In re Dansville Properties,* Inc., 177 B.R. 174 (Bankr. W.D.N.Y.1995). Instead, the debtor sought and received the approval of this Court for the appointment of another firm as general accountant. In the present application, the debtor now seeks Mr. Colello's appointment as special accountant.

■ Section 327 of the Bankruptcy Code distinguishes the qualifications of those wishing to serve as special counsel from the requirements for service generally as a professional appointed for the benefit of the estate. Subdivision (a) of this section states that except as provided otherwise and subject to approval of the court, a debtor-in-possession may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons." In contrast, subdivision (e) provides that the debtor-in-possession

"with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

Thus, special counsel need not be disinterested as that term is defined by section 101(14), but must merely not represent or hold an interest adverse to the special matter.

Counsel for the debtor in possession contends that section 327(e) should be interpreted to permit Mr. Colello's appointment as special accountant to assist in the preparation of the Disclosure Statement and Plan of Reorganization. Section 327(e), however, references only the appointment of special counsel. For whatever reason, Congress chose not to extend this accommodation to any other profession. With the legislature having so clearly defined the requirements for employment, this Court is not at liberty to hold otherwise.

■ Even if accountants could be appointed in a special capacity under section 327(e), such appointment would not have been appropriate in the present circumstances. A professional does not acquire "special" status merely because a debtor proposes to assign that nomenclature. Rather, the Court must examine the duties that are to be performed. Preparation of a Disclosure Statement and Plan of Reorganization are central to the purposes of Chapter 11. Indeed, such work will necessarily impact upon the rights of creditors, including Mr. Colello. For this reason, these tasks are inherent to the general services of an accounting professional in any case under Chapter 11, and may not be viewed merely as special functions.

The debtor has worked in good faith to expedite the completion of its Disclosure Statement. In that context, Mr. Colello may have performed services subsequent to the application for his appointment, in anticipation of its approval. The Court will, therefore, entertain applications from this accountant for compensation related to any period

prior to his receipt of this Order. In all other respects, the application is denied.

So ordered.