In re S.S. RETAIL STORES COR-
PORATION, a California cor-
poration, Debtor.

UNITED STATES TRUSTEE, Appellant,

v.

S.S. RETAIL STORES CORPORATION,
and Official Unsecured Creditors
Committee, Appellees.

BAP No. NC–96–1679–HRyO.
Bankruptcy No. 96–44063 J.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted Feb. 20, 1997.

Decided July 10, 1997.

Mark L. Pope, Office of U.S. Trustee, Oakland, CA, for U.S. Trustee.

Jonathan M. Landers, Gibson, Dunn & Crutcher, L.L.P, San Francisco, CA, for S.S. Retail Stores Corp.

Before: HAGAN, RYAN, and OLLASON, Bankruptcy Judges.

## OPINION

HAGAN, Bankruptcy Judge.

The United States Trustee ("Trustee") appeals an order of the court authorizing employment of the law firm, Gibson, Dunn and Crutcher ("Gibson") as attorney for the Debtor–in–Possession, S.S. Retail Stores ("Debtor"). The Debtor appears as Appellee, represented by Gibson. We AFFIRM.

### FACTUAL STATEMENT

The Debtor filed for bankruptcy relief under chapter 11, title 11, United States Code.[1] On May 18, 1996, the Debtor filed a first application to continue representation by Gibson. In support of this application, Gibson filed a declaration of attorney Lawrence Calof ("Calof"), a partner at Gibson. Calof declared he had been the Assistant Secretary on the Debtor's Board of Directors for the past two years and had resigned May 2,

1996. Calof further stated he served on the Board out of convenience to the Debtor and provided only clerical and recording duties. On May 17, 1996, the Trustee filed an objection to Gibson's representation pursuant to 28 U.S.C. § 586(a)(3) alleging Calof was an interested party under sections 101(14)(A) and (D), 101(31)(B)(ii), and 327(a).

On May 22, 1996, Gibson filed a memorandum in support of retention as Debtor's counsel and a second declaration of Calof. In this declaration Calof stated that as Assistant Secretary he had no decision-making power, no ability to manage or direct activities, no involvement in the day-to-day operating of the business, and no financial interest.

On May 23, 1996, the court entered an order authorizing Debtor's employment of Gibson and held Calof was a disinterested person as required by section 327. The order also granted the Trustee time to renew the objection. On June 3, 1996, the Trustee renewed the objection, again arguing Calof was a non-disinterested party and further, his required disqualification under section 101(14) should be attributed to Gibson. On July 2, 1996, the court issued a second order. This order retreated from the prior ruling that Calof was a disinterested party as defined by section 101(14), and found Calof's role as Assistant Secretary would make him an officer of Debtor's corporation under California law. The court did not specifically find Calof to be a former officer of the corporation. Instead, it held that even if Calof were not disinterested, his disqualification would not be attributed to Gibson. The Trustee timely appealed.

### ISSUES ON APPEAL

1. Whether Calof is a disinterested person as defined by section 101(14) of the Bankruptcy Code and permitted to be employed by the Debtor.

2. Whether the court erred in finding the status of a disqualified attorney could not be attributed to his law firm.

---

1. Unless otherwise indicated, all references to "chapter" and "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and all references to "rule" are to the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.") 1001–9036, which make applicable certain Federal Rules of Civil Procedure ("Fed.R.Civ.P.").

## STANDARD OF REVIEW

We review a bankruptcy court's decision to approve an application for employment for abuse of discretion. *First Interstate Bank v. CIC Investment Corp. (In re CIC Investment Corp.)*, 175 B.R. 52, 53 (9th Cir. BAP 1994). To the extent the interpretation of the Code is involved, this is a legal issue reviewed *de novo*. Id. at 53.

## DISCUSSION

### I. *Whether Calof is a disinterested person pursuant to section 101(14).*

 When a debtor is a debtor-in-possession, it essentially steps into the shoes of the trustee and has control over the bankruptcy estate. *McCutchen, Doyle, Brown & Enersen v. Official Committee of Unsecured Creditors (In re Weibel, Inc.)*, 176 B.R. 209, 211 (9th Cir. BAP 1994). While the Code allows a debtor freedom to select counsel of its choice, *see In re Creative Restaurant Management*, 139 B.R. 902, 909 (Bankr. W.D.Mo.1992), it also imposes additional requirements for the debtor who chooses to be a debtor-in-possession. Section 1107(a) provides that a debtor-in-possession shall have essentially all the rights and powers of a trustee.[2] In addition, section 1107(b) allows for the employment of counsel:

> (b) Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case.

11 U.S.C. § 1107(b).

 Pursuant to section 327(a), attorneys employed by the debtor-in-possession must be disinterested pursuant to section 101(14). Section 327(a) provides:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). Under section 101(14)(D), "a 'disinterested person' means [a] person that is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor...."

The Trustee alleges Calof is disqualified under section 327 because, as a former officer of the Debtor's Board of Directors, he fails to qualify as a non-disinterested party pursuant to section 101(14). The Debtor alleges Calof performed his duties as Assistant Secretary on the Debtor's Board of Directors within his role as attorney for the Debtor, his duties were negligible, and he should not be bound under section 101(14) as an officer.

The court initially ruled Calof was not disqualified based on his former position as Assistant Secretary. The court retracted that ruling at the June 20, 1996, hearing, finding instead that Calof's position as Assistant Secretary precluded his participation as Debtor's counsel under section 327 as a matter of California law. However, the court specifically did not find Calof to be disqualified, but instead assumed he was, and further found his disqualification was not attributable to the firm.

 The Bankruptcy Code does not define the term "officer." Under California law, the by-laws of the Board of Directors are controlling. California Corporation Code ("Cal. Corp.Code") § 312(a) provides, "[a] corporation shall have a chairman of the board ... and other such officers with such titles and duties ... determined by the board and as may be necessary to enable it to sign instruments and share certificates...." A review of the Debtor's by-laws indicates the Board

---

**2.** (a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

11 U.S.C. § 1107(a).

elected Calof as Assistant Secretary, and in that capacity he signed share certificates.

At the hearing on the Trustee's renewed objection the court noted, in concluding that it appeared Calof was disqualified:

> Mr. Calof had no express delegated duties in the corporation's bylaws or even in the minutes, but as a practical matter, had participated in the signing of stock certificates, and that that was his basic duty, was to sign stock certificates or co-sign them, that he didn't have any management or business authority, didn't have any voting authority, no discretion, other than discretion as a lawyer, as far as the Debtor's business affairs, and that he was not compensated for signing the certificates beyond what the firm received in legal compensation.

Under Cal.Corp.Code § 312, the fact that Calof did not receive compensation, nor vote, is not an issue in determining his status as an officer. Pursuant to California law, Calof was an officer of the Debtor within two years of the filing of bankruptcy; he is not a "disinterested" person under section 327(a) and is disqualified from representing the Debtor.

## II. Whether the disqualification of an attorney under section 101(14) is attributable to the entire law firm.

At the hearing on the Trustee's renewed objection on June 20, 1996, the court found the law in California indicated a strong public policy toward vicarious disqualification, but held that due to the circumstances in this case it was not applicable. The court noted this issue was not the typical "conflict of interest—adverse interest" type of case where disqualification of the entire firm is necessary:

> [B]ut here we're not talking about any— Mr. Calof having represented any adverse interests to the Debtor; he's been on the Debtor's team all along, remains on the Debtor's team. There's no danger that he knows something that's contrary to the Debtor's interests.

■ The Trustee alleges the court erred in not attributing the disqualification of Calof

to Gibson. Under the California Rules of Professional Conduct, attorneys have a duty under section 3–310(c)(3) to avoid interests adverse to their clients and not to accept representation of another client whose interests are adverse without written consent from all parties. The Trustee alleges that, pursuant to this ethical rule, Calof is prevented from representing the Debtor in bankruptcy. The Trustee then extends the analysis to Gibson under the California Rules regarding attribution. This position is supported by *Value Property Trust v. Zim Co. (In re Mortgage & Realty Trust)*, 195 B.R. 740 (Bankr.C.D.Cal.1996).

In that case, the debtor opposed the representation of a creditor by a law firm where one of the attorneys had previously sat on the debtor's board of directors. The attorney was of counsel to the firm in question and worked in a different office. The court analyzed the ethical considerations present in the continued representation and concluded the attorney's duties as a Board member disqualified him pursuant to section 327. The court then determined, under California law, that the disqualification extended vicariously to the whole firm.

> The general rule is that an attorney's disqualification to represent a client applies to every attorney in the firm where the disqualified attorney practices. *See Trone [v. Smith]*, 621 F.2d 994, 999 (9th Cir.1980); *Westinghouse Electric Corp. v. Kerr–McGee Corp.*, 580 F.2d 1311, 1318 (7th Cir.), *cert. denied*, 439 U.S. 955, 99 S.Ct. 353, 58 L.Ed.2d 346 (1978). In California the rule is stated as follows: "The imputed knowledge theory holds that knowledge by any member of a law firm is knowledge by all of the attorneys in the firm, partners as well as associates." *Chadwick v. Superior Court*, 106 Cal. App.3d 108, 164 Cal.Rptr. 864, 868 (1980); *Henriksen v. Great American Savings & Loan*, 11 Cal.App.4th 109, 14 Cal.Rptr.2d 184, 187 (1992);

> This rule is not articulated in the California Rules of Professional Conduct. *See Henriksen*, 14 Cal.Rptr.2d at 187. However, California case law has adopted the rule from the ABA Model Code of Professional

Responsibility. *Chadwick*, 164 Cal.Rptr. at 868. More recently, without reference to the ABA Model Code, California case law has reaffirmed the applicability of this rule. *Henriksen*, 14 Cal.Rptr.2d at 187. *Id.* at 754–55.

The Debtor alleges that *In re Mortgage & Realty Trust* concerns a situation where the former representation by the attorney would be adverse to the present representation by the firm, a situation not at issue in this case. The Debtor further alleges the Bankruptcy Code does not provide for disqualification of an entire law firm when the attorney is not able, pursuant to ethical considerations, to represent a client. The exception is Rule 5002 which prohibits the approval of appointment of relatives of judges as trustees or attorneys pursuant to section 327, and also provides:

> Whenever under this subdivision an individual may not be approved for appointment or employment, the individual's firm, partnership, ... and all members, associates, and professional employees thereof also may not be approved for appointment or employment.

Fed.R.Bankr.P. 5002.

■ Lastly, the Debtor alleges that cases with factual situations similar to this case conclude the Code provides for no such attribution of disqualification to the entire firm. *In re Creative Restaurant Management, Inc.* provides a two-part test to determine whether a firm is ineligible.

> In order to determine whether a law firm should represent a Chapter 11 debtor, a two-step analysis is required. First, the law firm must determine whether it has a conflict of interest under applicable ethical rules governing the conduct of attorneys. The Court must then determine whether the Bankruptcy Code makes such firm ineligible due, for example, to its prior relationship to the debtor.

*In re Creative Restaurant Management, Inc.*, 139 B.R. at 909. In that case, the court concluded the Bankruptcy Code contains no requirement that an entire law firm is per se ineligible for employment due to one of its members having previously served as an officer of the debtor. *Id.* at 913. "The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters.'" *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989)(citing *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)).

■ Under the California Rules of Professional Conduct, Calof could represent the Debtor, even with a conflict, if it has been waived by the parties involved. However, in this instance, Calof is not prevented from representing the Debtor under the California Rules, but is prevented, as a non-disinterested party, from representing the Debtor pursuant to section 327 of the Bankruptcy Code. The Bankruptcy Code provides for no such waiver under section 327. Failure to be a disinterested person under section 101(14) is not a matter that could be waived. Application of rules concerning conflict of interest is not proper in this situation. The Code does not provide for disqualification of an entire law firm based on the non-disinterestedness of one of its attorneys.

In *In re Creative Restaurant Management*, the court noted Congress had the opportunity to include this blanket disqualification provision in section 327 and did not do so. *In re Creative Restaurant Management*, 139 B.R. at 913. The court further noted no indication in the legislative history "which justifies anything but a plain reading of sections 327(a) and 101(14)." *Id.* at 913. No vicarious disqualification is provided for in the applicable sections of the Bankruptcy Code, despite the legislative opportunity to include the disqualification.

The Trustee contends the Code provides for attribution in Rule 2014(b).

> If, under the Code and this rule, a law partnership or corporation is employed as an attorney, ... or if a named attorney or accountant is employed, any partner, member, or regular associate of the partnership, corporation or individual may act as attorney or accountant so employed, without further order of the court.

Fed.R.Bankr.P.2014(b). The Trustee argues that since this rule provides that the law firm and its attorneys are to be treated as one entity, the disqualification under section 327(a) extends to the whole firm. We do not agree with this interpretation. The Committee Note to this rule indicates that this requirement is not intended to enlarge the definition of "disinterested person" within the Code. With respect to section 327 the Code is silent at to disqualification of an entire firm based on non-disinterestedness of an attorney. We conclude the attribution of disqualification to the entire firm should not occur in this instance.

Lastly, the Debtor argues that even if the firm is vicariously disqualified, an ethical or "Chinese" wall can be erected around Calof to remedy this problem. *See In re Mortgage & Realty Trust,* 195 B.R. at 756. Based on the finding that Gibson is not vicariously disqualified, the Panel does not reach the issue of the "ethical wall."

### CONCLUSION

In serving as Debtor's Assistant Secretary, Calof is a non-disinterested person as defined under section 101(14). While California's Code of Professional Responsibility and case law may mandate the disqualification of an attorney as attributable to his firm, the Bankruptcy Code does not provide for attribution per se. The Bankruptcy Code's deliberate silence with respect to vicarious disqualification, supports this conclusion.

The reasoning behind the per se rule of disqualification of an officer of a debtor corporation is to insure the lack of any conflict between the pre-filing debtor and the debtor. The pre-filing debtor and the debtor are different entities, with different interests. The statute prohibits the appointment of a pre-filing officer as a professional person to represent the debtor even though the individual was a mere functionary as an officer. But there is no need to extend this per se rule to a member of the firm of the disqualified person if that member is disinterested. We AFFIRM.