In re KERAVISION, INC., Debtor.

United States Trustee, Linda Ekstrom Stanley, Appellant,

v.

Keravision, Inc., Appellee.

No. C 01–02559 CRB.

United States District Court, N.D. California.

Jan. 18, 2002.

Mark L. Pope, Matthew R. Kretzer, Minnie Loo, U.S. Department of Justice, Office of U.S. Trustee, Oakland, CA, for plaintiff.

Peter M. Gilhuly, Law Offices of Latham and Watkins, Los Angeles, CA, for defendant.

## OPINION

BREYER, District Judge.

This appeal arises from the bankruptcy court's authorization of the law firm of Latham and Watkins ("Latham") to represent the debtor-in-possession. The issue presented is whether a law firm whose partner was an officer of the debtor until three weeks before the filing of the debtor's bankruptcy petition is per se not a disinterested person within the meaning of 11 U.S.C. sections 327(a) and 101(14)(D). After carefully considering the papers filed

by the parties, and having had the benefit of oral argument, the Court AFFIRMS the order of the bankruptcy court authorizing the debtor's employment of Latham.

## BACKGROUND

On March 23, 2001, Keravision, Inc. ("the debtor") filed a voluntary chapter 11 bankruptcy petition. A few weeks later, on April 19, 2001, the debtor applied to the bankruptcy court to retain Latham. In connection with the application, Latham disclosed that two of its partners owned a small amount of the debtor's stock and that one of those two partners, Michael Hall, had served as the debtor's corporate secretary until approximately three weeks before the debtor initiated bankruptcy proceedings. Latham further disclosed that Hall had also served since 1986 as outside general corporate counsel for the debtor.

The Trustee subsequently filed a timely objection to the application. She argued that Hall's service as the debtor's corporate secretary, and the two partners' ownership of the debtor's stock, prevented Latham from qualifying as a disinterested person as required by 11 U.S.C. section 327(a), and therefore the debtor could not employ Latham. The court held a hearing on the application and objection and concluded that it was bound by the decision of the bankruptcy appellate panel in *In re S.S. Retail Stores Corporation*, 211 B.R. 699 (9th Cir. BAP 1997) ("*S.S. Retail Stores I* "). On June 14, 2001, the court entered a new order granting the application to employ Latham *nunc pro tunc* to the petition date, provided the partners sell their stock and provided that Hall not be involved in Latham's representation of the debtor. The court also immediately stayed the order pending an appeal. The Trustee subsequently filed a timely motion for leave to appeal the bankruptcy court's ruling. This Court granted leave to appeal on October 5, 2001.

In the meantime, at a hearing on May 8, 2001, the bankruptcy court approved the sale of substantially all of the debtor's assets. Latham represented the debtor in connection with the sale and the Trustee did not object to the sale. Shortly after the sale closed the debtor transferred the sale proceeds and a portion of its remaining cash to its major secured creditor. The Trustee did not object. On June 13, 2001, the bankruptcy court approved the conversion of the bankruptcy to a chapter 7 liquidation case and again the Trustee did not object. Accordingly, a chapter 7 trustee was appointed to liquidate the estate. The chapter 7 trustee did not retain Latham; thus, other than matters related to this appeal and the final fee application, Latham has no remaining duties with respect to the debtor's bankruptcy.

Latham has a $177,000 pre-petition retainer from the debtor. Latham sought to apply its fees incurred in the bankruptcy case (which exceed the retainer) to the retainer. The bankruptcy court denied the application without prejudice on the ground that it was premature in light of the Trustee's pending appeal to this Court.

## DISCUSSION

■ The Bankruptcy Code permits a chapter 11 debtor-in-possession to employ professional persons, including attorneys, provided such persons "do not hold or represent an interest adverse to the estate" and are "disinterested." 11 U.S.C. § 327(a). The Code defines a "disinterested" person as a person that, among other things, "is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor." 11 U.S.C. § 101(14)(D). A "person" includes an "individual, partner-

ship, and corporation." 11 U.S.C. § 101(41).

The Trustee argues that because Hall was the debtor's corporate secretary[1] until three weeks before the debtor filed for bankruptcy, he is indisputably not a disinterested person pursuant to section 101(14)(D). She then argues that because a partnership may be a "person" under the Code, *see* 11 U.S.C. § 101(41)(D), it follows that Latham—the law firm in which Hall was and continues to be a partner—is also not a disinterested person qualified to represent the debtor:

> Congress permitted law firms to be treated as "persons," 11 U.S.C. § 101(41), but imposed the same strict "disinterest" requirement upon law-firm "persons" as it imposed upon natural "persons." 11 U.S.C. § 327(a). Because the only way for a law-firm "person" to be "disinterested" is for the natural persons of whom it is composed to be "disinterested," and because a law firm tainted by its member's "interest" cannot be expected to behave like a "disinterested" person, the plain language of the Bankruptcy Code requires that Latham be disqualified from this representation by virtue of its partner's service as an officer of the debtor.

Reply at 7. In other words, any time a person who is a partner in a law firm serves as an officer of a debtor within two years of the bankruptcy petition, the law firm in which the officer is a partner is automatically disqualified from post-petition employment by the debtor.

The plain language of the Code does not support the Trustee's argument. First,

the wording of sections 327(a) and 101(14)(D) does not provide for vicarious disqualification. *See S.S. Retail Stores I*, 211 B.R. at 702–704; *In Re Creative Restaurant Management, Inc.*, 139 B.R. 902, 912–13 (Bankr.W.D.Mo.1992). The statute provides that a person who is an officer is disqualified; it does not provide further that the law firm in which the officer is a partner is also not disinterested.

Second, the definition of "person" in the Code applies to the entire Bankruptcy Code, not just to the definition of a "disinterested person." Thus, that a law firm is a "person" under the Code, but (according to the Trustee) a law firm cannot be an officer of a corporation, does not necessarily mean that by including a law firm within the definition of "person" Congress intended the law firm in which an officer of a corporation is a partner to be automatically disqualified along with the partner.

■ In any event, the Trustee's argument erroneously assumes that a law firm or other entity cannot be an officer of a corporation. In *In re Capitol Metals Co.*, 228 B.R. 724 (9th Cir. BAP 1998), for example, the debtor hired ABC pre-petition as a consultant to function as the debtor's CFO. ABC had two principals: Peterson and his wife, and Peterson was the only person at ABC who worked on pre-petition transactions with the debtor. The court held that Peterson *and* ABC acted as the CFO and therefore both were disqualified: "Peterson and ABC functioned as the Debtor's CFO." *Id.* at 727. Accordingly, both were disqualified. *Id.* Thus, a law firm may function as, and be

---

1. Although it is undisputed that Hall served as the debtor's official corporate secretary, Latham argues that Hall was not an officer within the meaning of section 101(14)(D) because he performed only ministerial duties and he lacked any discretionary authority. There is nothing in the language of section 101(14)(D), however, that excepts what Latham describes as "nominal" officers. *See S.S. Retail Stores I*, 211 B.R. at 704 ("The statute prohibits the appointment of a pre-filing officer as a professional person to represent the debtor even though the individual was a mere functionary as an officer.").

considered, an officer of a corporation, even if not formally appointed as such.

The Trustee also cites Federal Rules of Bankruptcy Procedure 2014(b) and 5002(a) to support its argument that Latham is disinterested if one of its partners is disinterested. Rule 2014, governing the employment of professional persons, provides:

> If, under the Code and this rule, a law partnership or corporation is employed as an attorney, or an accounting partnership or corporation is employed as an accountant, or if a named attorney or accountant is employed, any partner, member, or regular associate of the partnership, corporation or individual may act as attorney or accountant so employed, without further order of the court.

Fed.R.Bank.P.2014(b). The Rule supports the unremarkable proposition that when the bankruptcy court approves the debtor's application to employ partner X of a law firm, all the attorneys at the firm may work on the case "without further order of the court." A rule requiring the debtor to reapply to the bankruptcy court any time a different attorney performs billable work would be unworkable. The Rule does not mean, however, that unless sections 327 and 101(14)(D) are interpreted to vicariously disqualify law firms, a partner who is otherwise disqualified, for example a partner who was a corporate officer of the debtor, somehow becomes disinterested and can perform work for the debtor under Rule 2014. In other words, Rule 2014 does not trump the Code's definition of whom a debtor may employ; the Rule and Code may be read consistent with each other. Thus, Rule 2014 does not require the Court to read into sections 327(a) and 101(14)(D) something that just is not there, namely, the per se vicarious disqualification of an entire law firm based on the "interest" of a single partner.

Rule 5002(a) is similarly unhelpful to the Trustee. That Rule, governing the bankruptcy court's approval of applications for employment, provides in relevant part:

> The employment of an individual as attorney, ... pursuant to § 327 ... shall not be approved by the court if the individual is a relative of the bankruptcy judge approving the employment.... Whenever under this subdivision an individual may not be approved for appointment or employment, the individual's firm, partnership, corporation, or any other form of business association or relationship, and all members, associates and professional employees thereof also may not be approved for appointment or employment.

Fed.R.Bank.P. 5002(a). The Rule prohibits a bankruptcy judge from sending business to a law firm in which his or her relative is a partner; without the Rule, bankruptcy judges could use their appointment powers to directly or indirectly line their own pockets. There is nothing in this Rule, however, that suggests that Congress intended that the disqualification of a single partner in a law firm because of his position as an officer in the debtor requires the disqualification of the entire law firm. Moreover, as the court in *In re Creative Restaurant Management, Inc.*, 139 B.R. at 913–14, pointed out, the Rule demonstrates that Congress could have easily inserted language into section 327 to provide for vicarious disqualification if Congress had so intended.

The cases cited by the Trustee do not persuade the Court otherwise. In *In re B.E.T. Genetics, Inc.*, 35 B.R. 269 (Bankr. E.D.Cal.1983), the court found that the law firm seeking employment had an actual disqualifying conflict of interest based on its prior representation of entities related to the debtor and a named partner's ownership in those entities. *Id.* at 271. More-

over, the employment application itself stated that the *law firm* had provided services to the debtor as general counsel and corporate secretary; in other words, the law firm had functioned as an officer of the debtor. *Id.* at 272. The court was not presented with, and did not address, the issue of a law firm's vicarious disqualification solely because a partner served as an officer. In *In re Michigan Interstate Ry. Co., Inc.*, 32 B.R. 327 (Bankr.E.D.Mich. 1983), the employed law firm had failed to disclose that its special counsel served as an officer and director of the debtor and held an equity interest in the debtor. While the court acknowledged that section 327 does not provide for vicarious disqualification of a law firm, it nonetheless concluded, based on the particular facts of the case, that the "insider" characteristics of the special counsel were "sufficient to strip the firm of its claim to disinterestedness." *Id.* at 329–30. The court in *In re Wells Benrus Corp.*, 48 B.R. 196, 199 (Bankr. D.Conn.1985) cited *In re Michigan Interstate Ry.*, above, and the Model Rules of Professional Conduct, to support its holding that the disqualification of one attorney automatically disqualifies the entire law firm; it did not purport to analyze the language of the statute. *In re Tinley Plaza Assocs.*, 142 B.R. 272, 277 (Bankr. N.D.Ill.1992) and *In re Envirodyne Indus.*, 150 B.R. 1008, 1017 (Bankr.N.D.Ill. 1993), likewise relied upon the Northern District of Illinois local rules of professional responsibility. The Trustee does not rely upon rules of professional responsibility here. In *In re Vebeliunas*, 231 B.R. 181, 196 (Bankr.S.D.N.Y.1999), the court found that the attorney appointed by the trustee was biased and also found that the entire law firm shared the attorney's bias. None of these courts expressly endorsed the position advocated by the Trustee here: that the plain language of sections 327(a) and 101(14)(D) always requires the

automatic disqualification of an entire law firm when one of its partners is disqualified because he was an officer of the debtor.

The Trustee despairs that if the Court interprets the Code so as not to require the per se disqualification of Latham, "[t]he loophole created . . . is big enough to permit the employment of a law firm when all of its partners are not disinterested." Opening Brief at 13. The Court disagrees. In such a situation the bankruptcy court could easily conclude that the law firm itself was not disinterested. Also, section 327(a) prohibits the employment of persons with an interest "adverse to the estate." In certain circumstances a court might conclude that a law firm, by virtue of its partners' involvement with the debtor, has an interest adverse to the bankruptcy estate. A disinterested person also includes a person who is an "insider." 11 U.S.C. § 101(14)(A). Again, depending on the circumstances, a court might conclude that a law firm was an insider, especially if all of its partners were involved with the debtor as officers or otherwise.

■ Finally, the Trustee argues that such an individualized inquiry is not permitted by the statute; therefore, the Court should interpret section 327(a) as requiring Latham's automatic disqualification. This argument is not supported by caselaw or the statute. The statute provides that a bankruptcy judge may appoint persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 327(a). A court must make an individualized inquiry to determine whether a person has an interest which is adverse to the estate. Since that inquiry requires making individualized determinations, there is nothing inconsistent with holding that courts have to make individualized determinations with

respect to whether a law firm is disinterested.

█ Having determined that Latham is not per se disqualified from representing the debtor simply because one of its partners was an officer of the debtor, the appropriate question, then, is whether Latham is disqualified because of its own involvement with the debtor. For example, if Latham functioned as the corporate secretary or general counsel, as did the law firm in *In re B.E.I. Genetics, Inc.,* it would not be disinterested under section 101(14)(D). *See also In re Capitol Metals Co.,* 228 B.R. at 727 (holding that individual and company in which individual was principal both served as CFO and therefore both had served as officers of debtor and both were disqualified from employment).

While it is undisputed that Hall served as an officer of the debtor, the record is mostly silent as to whether Latham also served as the corporate secretary or is otherwise disinterested. There is no evidence, for example, as to whether the debtor paid Latham for Hall's services as corporate secretary, or whether when Hall was unavailable to perform the duties of corporate secretary Latham had another attorney perform Hall's duties for him, or other facts that might be relevant to determining whether Latham, in addition to Hall, functioned as an officer of the debtor. This silence in the record is unsurprising given that the Trustee has consistently argued that no such individualized inquiry is necessary; instead the Trustee maintains that regardless of the particular circumstances of a law firm's involvement or lack of involvement with a debtor, a law firm should be automatically disqualified from representing a debtor if a partner in the law firm is disqualified.

At oral argument the Trustee seemed to make a slightly different argument. She contended that where, as here, the law firm provided pre-petition legal services to the debtor, *and* a partner in the law firm served as corporate secretary, the law firm is not disinterested. It is unclear if the Trustee is arguing that in such circumstances the law firm in effect served as corporate secretary, or if she is arguing that vicarious disqualification should occur under those circumstances, or if she is arguing something in between, namely, that in such a situation the law firm per se served as an officer. In any event, the Code specifically provides that "a person is not disqualified for employment under section 327 ... by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). If, as the Court has concluded, a law firm is not per se disqualified because one of its partners was an officer of the debtor, it should not be per se disqualified because of the additional non-disqualifying fact that the firm provided pre-petition services to the debtor. Instead, the law firm's previous services to the debtor is one factor to consider along with others in determining whether the firm is directly disqualified under section 327(a).

## CONCLUSION

For the foregoing reasons the Court holds that a law firm is not per se disqualified from employment by a debtor solely because one of its partners was an officer of the debtor. Instead, a bankruptcy court must determine if the law firm is directly disqualified, for example, whether it has an interest adverse to the estate, is an insider, or functioned as an officer. *See* 11 U.S.C. §§ 327(a); 101(14)(A)-(D). In this case a bankruptcy court might find, after the facts are more fully developed, that Latham is directly disqualified because La-

tham, along with Hall, served as the debtor's corporate secretary. Thus, the Court is inclined to remand this matter to the bankruptcy court for further proceedings. In her papers and at oral argument, however, the Trustee disavowed any intent or desire to make such an argument. Instead, she has steadfastly stood by her contention that Latham is automatically disqualified, regardless of the particular circumstances surrounding its involvement with the debtor, simply because Hall—a Latham partner—served as corporate secretary. As the Court does not agree with that position, the bankruptcy court's order authorizing the employment of Latham must be and is hereby AFFIRMED.

**IT IS SO ORDERED**.